IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

10:24 am, 11/14/13

Tim J. Ellis
Clerk of Court

In re )
 )
KLONDIKE RANCH LIMITED ) Case No. 12-20013
PARTNERSHIP ) Chapter 11
 )
Debtors. )

## OPINION ON
## CONFIRMATION OF AMENDED CHAPTER 11 PLAN

On October 30, 2013, the court held an evidentiary hearing on confirmation of the Debtor's Amended Chapter 11 Plan filed on July 29, 2013. MLIC Asset Holdings LLC ("MLIC") and the Internal Revenue Service ("IRS") filed objections and appeared at the hearing. At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony and evidence, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(L).[1]

**Facts**

The Debtor is a limited partnership formed in 1998 for estate planning purposes and to allow Richard Tass's ("Tass") and Patricia Tass's children an interest in the family ranching operation. Debtor is an agriculture operation, raising and selling livestock (cattle); harvesting hay (and wheat); and, a guest ranch business. Debtor filed its chapter

---

[1] Unless otherwise noted, all further statutory references are to Title 11 of the United States Code.

11 bankruptcy petition on January 9, 2012. Its Amended Disclosure Statement was approved on July 31, 2013.

At the time of filing, Debtor owned three ranches, i.e., the Klondike Ranch, the Bass Ranch[2] and the "Will Place." The Klondike Ranch was the original family ranch with an appraised value of $4,000,000.00. The Bausch Ranch is valued at $1,400.000.00. The Will Place had an appraised value of $1,900.000.00. On October 23, 2012, this court entered an order approving the sale of the Will Place for the amount of $1,800,000.00. The net proceeds from the sale were remitted to MLIC.

Debtor's plan provides for payment to its three secured creditors: Class One: MLIC; Class Two: Western Equipment Finance; and, Class Three: First National Bank of Buffalo n/k/a First Northen Bank. The plan proposes to pay unsecured creditors in full and equity security holders retain their ownership interests. Administrative claims consist of attorney fees and United States Trustee fees. Mr. Tass testified that the United States' fees were paid current.

MLIC has a first mortgage on all the ranch real property, i.e., Klondike Ranch and Bausch Ranch. MLIC asserts that as of October 30, 2013, the remaining balance is $2,940,172.83.

Debtor proposes to sell the Bausch Ranch to Cloud Nine, LLC ("Cloud Nine") for the amount of $715,000.00. Cloud Nine also is willing to loan Debtor $125,000.00 to

---

[2] The spelling identifying this ranch in the various pleadings includes: "Bass," Basch." Baush." and "Bausch." For clarification the court will use the title of "Bausch Ranch" as indicated in the Amended Plan.

pay the initial plan payment to MLIC if this plan is confirmed. Mr. Tass testified that Cloud Nine agreed to sell the Bausch Ranch back to the Debtor in five years at the same purchase price.

The court's review of Debtor's Monthly Operating Reports ("MOR") shows Debtor's monthly profits and losses since the bankruptcy case was filed:

| Month/2013 | Profit/Loss[3] | Month/2012 | Profit/Loss |
|---|---|---|---|
| September | <4,404.51> | December | <572.07> |
| August | $4,254.03 | November | $519.91 |
| July | <1,942.60> | October | <599.44> |
| June | $1,213.71 | September | <15,055.28> |
| May | $339.91 | August | $15,442.81 |
| April | <991.13> | July | $976.91 |
| March | $1,733.16 | June | No MOR filed |
| Feb. | <571.42> | May | <3,907.17> |
| Jan. | <$1,284.30> | April | <$1,967.53> |
|  |  | March | $4,068.88 |
|  |  | February | <$2,221.00> |
|  |  | January | $920.72 |
| Annual profit/loss | <$1,653.15> | Annual profit/loss | $12,642.02[4] |

Debtor's ordinary business income for the years 2010 and 2011 was reported on

---

[3] A loss is indicated by the following: <$>.

[4] Does not include profit or loss for June 2012.

its federal income tax Form 1065 as a loss for each year, $66,176.00 and $55,931.00, respectively.

Mr. Tass testified that estimated projected income from the sale of calves would consist of $84,759.62, which are the proceeds from a sale that occurred in October and approximately $80,000.00 from the next sale. The court calculates this to be a projected income from the sale of cattle in the amount of $164,759.62. This is approximately $16,477.00 less than projected on Debtor's Disclosure Statement.[5] The Debtor has retained 50 heifers to increase its cow herd to 200 for next year.

Debtor projected that the income from hay production, deducting the amount needed to feed cattle through the winter, would be $98,051.00.[6] Mr. Tass testified that due to hail damage, Debtor would have to purchase hay for feeding this year. Additionally, Debtor did not have insurance on the hay crop, therefore there will not be any income from hay production.

Mr. Tass testified that the guest ranch operation was up about "10-15%" above last year. He expected next year to increase as the Debtor has eight advance bookings.

**Discussion**

---

[5] The proceeds from the sale of the calves is held jointly by the Debtor and First Northern Bank. The proceeds are to be used to pay the payment due and owing to First Northern Bank. Any proceeds remaining after the payment, are to be provided to the Debtor. There was not any testimony regarding the amount that may potentially be returned to the Debtor.

[6] Debtor's Disclosure Statement "Hay and Grain Production & Utilization."

Page 4

The IRS objects to confirmation of the amended plan, alleging that the plan does not provide for the full payment of its amended priority claim in the amount of $14,507.33. MLIC objects, asserting that (1) the plan is not feasible under § 1129(a)(11); (2) that the plan is not proposed in good faith with fair treatment of its creditors, in violation of § 1129(a)(3) and (b); and, (3) the plan fails the liquidation analysis under § 1129(a)(7).

A.  IRS's objection

Debtor's plan proposes to pay the IRS the claim amount of $20,064.00. The court's review of the claim register shows that the IRS filed an amended claim on October 1, 2013 in the amount of $20,297.00. Debtor has the right to object to the IRS claim after the confirmation of the plan or pay the amount of the claim. The IRS would be paid the amount of its amended claim if Debtor does not object. The court does not find the difference between the amount provided in the plan and the amount of the IRS amended claim to be insurmountable and overrules the IRS objection.

B.  MLIC's objections

(1) Plan feasibility

Feasibility is the shorthand term for the requirement that a plan must provide a realistic and workable framework for reorganization. A bankruptcy debtor bears the burden to show feasibility of a plan by a preponderance of the evidence.[7]

---

[7] *In re Investment Company of the Southwest, Inc.* 341 B.R. 298 (10th Cir. BAP 2006).

The Bankruptcy Code states, as relevant,

> "The court shall confirm a plan only if all the following requirements are met...confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."[8]

The Tenth Circuit in, *In re Paige*, held that a Chapter 11 plan cannot be confirmed unless it is feasible, stating,

> "The court has an obligation to scrutinize a plan carefully to determine whether it offers a reasonable prospect of success and is workable. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts of the case."[9]

When determining whether a bankruptcy reorganization plan is feasible, a court considers debtor's case flow projections showing its ability to simultaneously make plan payments and fund projected operations. The projections must be based upon evidence of financial progress and must not be speculative, conjectural, or unrealistic.[10]

> "While courts often do not require projections for the same period over which a long-term plan spans, the debtor must still sustain its burden to somehow provide that it will be able to perform all obligations it is assuming under the plan. This is especially true when significant balloon payments are required in years not covered by the projections."[11]

A glaring discrepancy between the facts surrounding past performance and

---

[8] § 1129(a)(11).

[9] *In re Paige*, 685 F.3d 1160 (10th Cir. 2012).

[10] *In re Investment Company of the Southwest, Inc.* at 311.

[11] *Id.*

activity and predictions for the future is strong evidence that a debtor's projections are flawed and the plan is not feasible.[12]

The court's review of Debtor's proposed plan and projected income shows that the projections are flawed and the plan is not feasible. Debtor is not currently paying the MLIC mortgage and is still not operating at near break-even or a profit. Debtor's income projections are overly optimistic when compared against the actual earnings. The discrepancies between the past income and the Debtor's predictions shows the court that the plan is speculative and unrealistic.

(2) <u>Good faith with fair treatment of creditors pursuant to § 1129(a)(3) and (b)</u>

The court having determined that the plan is not feasible reserves ruling on this issue until after an amended plan is filed; if MLIC raises the issue again and after a hearing.

(3) <u>Liquidation analysis under § 1129(a)(7)</u>

The court having determined that the plan is not feasible reserves ruling on this issue until after an amended plan is filed; if MLIC raises the issue again and after a hearing.

**Conclusion**

Based upon the above facts and analysis, the court finds that the proposed plan of reorganization is not feasible and will deny approval.

---

[12] *Id.*

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this _13_ day of November, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Paul Hunter
    Nicholas Vassallo
    Kendal Hoopes
    Dan Morse